# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:16-cv-00438-FDW
# (CRIMINAL CASE NO. 3:12-cr-00146-FDW-1)

| | |
|---|---|
| WILLIAM SUTTLES-BARDEN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss Petitioner's Motion to Vacate [CV Doc. 11]. The Petitioner is represented by Jared Paul Martin of the Federal Defenders of Western North Carolina.

## I. BACKGROUND

On April 19, 2012, Petitioner William Suttles-Barden ("Petitioner") was charged in a Bill of Indictment with one count of Hobbs Act conspiracy in violation of 18 U.S.C. § 1951(a) (Count One); one count of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (Count Two); one count of possession of a firearm in furtherance of a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three); and one count of conspiracy to possess a firearm in furtherance of a crime of violence and drug trafficking

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:16-cv-00438-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:12-cr-00146-FDW-1.

crime in violation of 18 U.S.C. § 924(o) (Count Four). [CR Doc. 17: Bill of Indictment]. Count Three, which is at issue in these proceedings, reads:

### COUNT THREE

On or about April 10, 2012, in Mecklenburg County, in the Western District of North Carolina, the defendants, [Williams Suttles-Barden, Antron Kodale Miller and Petitioner] <u>during and in relation to a crime of violence, that is, Conspiracy to Obstruct, Delay and Affect Commerce and the Movement of Articles and Commodities in Commerce, by Robbery, a violation of Title 18, United States Code, Section 1951(a), as charged in Count One of this Indictment,</u> **and** <u>during and in relation to a drug trafficking crime, that is, Conspiracy to Distribute and to Possess with Intent to Distribute a Controlled Substance, a violation of Title 21 United States Code, Section 846, as charged in Count Two of this Indictment</u>, for which they each may be prosecuted in a court of the United States, did knowingly and unlawfully possess and carry a firearm in furtherance of such crime of violence and drug trafficking crime, to wit, an HS Products model XD9 9 mm pistol with ammunition and a Mossberg 12 gauge shotgun model 500A with ammunition.

…

In violation of Title 18, United States Code, Section 924(c).

[CR Doc. 17 at 2 (emphasis added)]. Count Four, which is also at issue here, similarly charges:

### COUNT FOUR

Between on or about March of 2012 and on or about April 10, 2012, in Mecklenburg County, in the Western District of North Carolina, the defendants, [Petitioner, Antron Kodale Miller, and Sylvester Cruse, Jr.,] did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury, to knowingly use and carry one or more firearms <u>during and in relation to a crime of violence, that is, Conspiracy to Obstruct, Delay and Affect Commerce and the Movement of Articles and Commodities in Commerce, by Robbery, a violation of Title 18, United States Code, Section 1951(a), as charged in Count One of this Indictment,</u> **and** <u>a drug trafficking crime, Conspiracy to Distribute and to Possess with intent to distribute a Controlled Substance, a violation of Title 21, United States Code, Section 846, as charged in Count Two of this Indictment</u>, and to knowingly and intentionally possess one or more

2

> of said firearms in furtherance of said crime of violence and drug trafficking offense.
>
> …
>
> In violation of Title 18, United States Code, Section 924(o).[2]

[Id. at 3-4 (emphasis added)].

On December 17, 2012, Petitioner pleaded guilty "straight up" without a plea agreement to all four counts charged against him in the Indictment. [CR Doc. 45: Acceptance and Entry of Guilty Plea]. Before Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 92: PSR]. The probation officer found Petitioner's criminal history category to be VI and his Total Offense Level to be 34, which included an enhancement for Petitioner's career offender status. [Id. at ¶¶ 40, 43, 61]. The resultant guidelines range for imprisonment was 322 to 387 months, U.S.S.G. §§ 4B1.1(c)(3) and 5G1.2(e). [Id. at ¶¶ 90-91]. Petitioner's sentencing hearing was held on May 29, 2014. The Court accepted the PSR sentencing recommendations without modification and sentenced Petitioner to a total term of imprisonment of 322 months. [CR Doc. 109 at 2: Judgment; CR Doc. 110: Statement of Reasons]. Judgment on this conviction was entered on June 4, 2014. [Id.]. Petitioner did not file a direct appeal from this conviction.

On June 21, 2016, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255, arguing that his convictions under 18 U.S.C. §§ 924(c) and (o) are invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). [CV Doc. 1]. The Court conducted an initial screening of Petitioner's Motion and ordered the Government to respond. [CV Doc. 2]. Then, upon the request of the Government [CV Doc. 4], this matter was stayed pending the Fourth Circuit's decision in

---

[2] Section 924(o) provides that, "[a] person who conspires to commit an offense under subsection (c) shall be imprisoned for not more than 20 years, fined under this title, or both…." 18 U.S.C. § 924(o).

United States v. Ali, No. 15-4433, and United States v. Simms, No. 15-4640, and the Supreme Court's decision in United States v. Beckles, No. 15-8544. The Fourth Circuit then ordered that Ali would be held in abeyance pending the Supreme Court's decision in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019. Thereafter, Petitioner filed a Supplemental Memorandum in Support of Section 2255 Motion [CV Doc. 5] and the Court lifted the stay of this matter [CV Doc. 8]. The Government timely filed a motion to dismiss Petitioner's § 2255 motion to vacate. [CV Doc. 11]. The Petitioner responded to the Government's motion [Doc. 14] and the time for the Government's reply has expired.

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Petitioner argues he is entitled to relief on these grounds because, under Johnson, his §§ 924(c) and (o) convictions on Counts Three and Four were imposed in violation of the Constitution and laws of the United

4

States.³ [See CV Doc. 1]. Petitioner specifically contends that his "§§ 924(c) and 924(o) convictions should be vacated" because "the predicate offense of Hobbs Act robbery conspiracy does not qualify as a 'crime of violence' in light of Johnson." [Doc. 1 at 2].

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Section 924(c), which is at issue here, criminalizes the use of a firearm in furtherance of a "crime of violence" or a drug trafficking crime. 18 U.S.C. § 924(c)(1)(A). Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

---

³ Petitioner also argues that he does not qualify as a career offender under Johnson because "the residual clause [of the sentencing guidelines] in § 4B1.2(a)(2) is identical to the one in the Armed Career Criminal Act," and, therefore, also void for vagueness. [CV Doc. 1 at 3-4]. This argument has been unequivocally foreclosed by the Supreme Court's decision in Beckles, which held that the advisory sentencing guidelines are not subject a vagueness challenge under the Due Process Clause. Beckles, 137 S. Ct. 886, 892 (2017). The Court, therefore, does not address this issue further.

5

In short, Petitioner argues that because § 924(c)'s residual clause "is functionally indistinguishable from the ACCA's residual clause," which was found to be unconstitutionally vague, Petitioner's charge of Hobbs Act conspiracy can qualify as a § 924(c) "crime of violence" predicate only under the force clause. [CV Doc. 1 at 9]. Three years after the Petitioner filed his motion to vacate, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, after Davis, under Petitioner's argument, Petitioner's convictions on Counts Three and Four are only valid if Hobbs Act conspiracy qualifies as a "crime of violence" under § 924(c)'s force clause.

After Davis, Petitioner filed a Supplemental Memorandum in Support of Section 2255 Motion. [CV Doc. 5]. In Petitioner's Supplemental Memorandum, he maintains that his §§ 924(c) and (o) convictions were based only on the Hobbs Act conspiracy predicate and not on the drug trafficking conspiracy offense charged in Count Two. [CV Doc. 6 at 3-6]. Relying on United States v. Chapman, 66 F.3d 220, 227 (4th Cir. 2012) and United States v. Vann, 660 F.3d 771, 774 (4th Cir. 2011), Petitioner contends that his "guilty pleas to the Section 924(c) and (o) counts are predicated on the 'least serious' charge of Hobbs Act conspiracy, not the more serious drug trafficking crimes."[4] [Id. at 3-4].

Vann involved a direct appeal of the application of an ACCA sentencing enhancement for three previous convictions under North Carolina's indecent liberties statute, N.C.G.S. 14-202.1, the violation of which the district court found to be a violent felony. 660 F.3d at 772. Section 14-202.1(a) provides, in pertinent part, that "[a] person is guilty of taking indecent liberties with

---

[4] Since Davis, the Fourth Circuit has held that conspiracy to commit Hobbs Act robbery is not a crime of violence for § 924(c) purposes. United States v. Simms, 914 F.3d 229 (4th Cir. 2019). Accordingly, if Petitioner's convictions were predicated only on Hobbs Act conspiracy, they would no longer be valid.

children if, being 16 years of age or more and at least five years older than the child in question, he either:"

> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purposes of arousing or gratifying sexual desire; **or**
>
> (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

Vann, 660 F.3d at 772-73 (quoting N.C.G.S. § 14-202.1(a) (emphasis added)). Subsection (a)(2) of this criminal statute is considered a "violent felony," while subsection (a)(1) is not. The charging document, as is appropriate, stated the statute conjunctively, rather than using the disjunctive "or." Id. at 774.

The Fourth Circuit held that the district court improperly enhanced defendant's sentence based on defendant's three previous convictions under this statute because the defendant did not necessarily plead guilty to violation of subsection (a)(2), the disjunctive "violent felony," when he pleaded guilty to the conjunctively stated charge in the indictment. Vann, 660 at 774-76. The Fourth Circuit, therefore, found that defendant's indecent liberties offenses were not ACCA violent felonies and vacated defendant's sentence. Id. at 776.

In Chapman, the Fourth Circuit addressed a criminal defendant's constitutional challenge to Section 922(g)(8), which prohibits a person who is subject to a domestic violence protective order from possessing a firearm under certain circumstances. Chapman, 666 F.3d at 223. As part of this inquiry, the Court, citing Vann, noted that "when a defendant pleads guilty to a formal charge in an indictment which alleges conjunctively the disjunctive components of a statute, the rule is that the defendant admits to the least serious of the disjunctive statutory conduct." 666 F.3d at 228 (citing Vann, 660 F.3d at 775).

7

Neither Vann nor Chapman apply here. Petitioner was not charged in an indictment "alleging conjunctively the disjunctive components of a statute," such that it cannot be said that Petitioner necessarily pleaded guilty to possessing or conspiracy to possessing a firearm in furtherance of a drug trafficking crime in violation of §§ 924(c) and (o), respectively. Rather, Petitioner was charged separately with Hobbs Act conspiracy (Count One) and drug trafficking conspiracy (Count Two), then charged with §§ 924(c) and (o) violations based on both of those predicates (Counts Three and Four). Petitioner pleaded guilty to Counts Three and Four based on the predicates stated in both Counts One and Two, to which he also pleaded guilty.

As such, Petitioner's convictions under §§ 924(c) and (o) were clearly based on both Hobbs Act conspiracy and drug trafficking conspiracy. There is no question that drug trafficking conspiracy remains a valid § 924(c) predicate. 18 U.S.C. § 924(c)(1)(A). As such, Petitioner's convictions on Counts Thee and Four are valid.

The Court will, therefore, grant the Government's motion to dismiss Petitioner's Section 2255 Motion to Vacate.

## IV. CONCLUSION

Having concluded that Petitioner's convictions under §§ 924(c) and (o) are valid, the Court will grant the Government's motion to dismiss.

**IT IS, THEREFORE ORDERED** that:

(1) Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) The Government's Motion to Dismiss Petitioner's Motion to Vacate [Doc. 11] is **GRANTED**.

(3) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: March 3, 2020

_____
Frank D. Whitney
Chief United States District Judge